**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ULTRATECH, INC.,            No. C 03-03235 CRB

    Plaintiff,               **ORDER RE: TAXATION OF COSTS**

    v.

TAMARACK SCIENTIFIC CO.,

    Defendant.
_____/

    In this patent action the defendant and prevailing party, Tamarack Scientific Company, now moves for review of the Clerk's taxation of costs. After carefully reviewing the papers submitted by the parties, the motion is GRANTED in part and DENIED in part.

    The Federal Rules of Civil Procedure provide that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P. 54(d)(1). Under 28 U.S.C. section 1920 taxable costs are, among other things, "fees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The Local Rules explain in more detail what papers are "necessarily obtained for use in the case." See Affymetrix, Inc. v. Multilyte Ltd., 2005 WL 2072113 (N.D. Cal. Aug. 26, 2005) (stating that Northern District Local Rule 54-3 "provides standards for interpreting the costs allowed under section 1920") (internal quotation marks and citation omitted).

1.	The Local Rules interpret section 1920 as excluding costs for copying "motions, pleadings, notices, and other routine case papers."  Local Rule 54-3(d)(3).  As this Rule is a permissible interpretation (as opposed to contradiction) of the costs taxable under section 1920, Tamarack's request for the taxation of costs incurred in copying motions, pleadings, notices and other routine case papers is overruled.

2.	The number of copies for which Tamarack seeks taxation are reasonable and necessary.  Thus, to the extent the Clerk disallowed certain costs on the ground that the number of copies was excessive, the Clerk is overruled.  The Clerk should also tax the costs of compact discs to the extent documents were scanned on to such discs and not also produced on hard copies.

3.	The Local Rules provide that the prevailing party may recover "[t]he cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with the case."  Civil LR 54-3(c)(1).  Under a plain reading of this Rule Tamarack may recover the costs of written transcripts of depositions *as well as* the cost of a videotaped copy of the deposition, if the deposition was videotaped.  See Pixion v. Placeware, Inc., 2005 U.S. Dist. LEXIS 11351 at *5-6 (N.D. Cal. May 25, 2005).  A videotape without a written transcript is not sufficient for use at trial.

4.	Tamarack shall submit a proposed order in accordance with this Order.

**IT IS SO ORDERED.**

Dated: October 12, 2005

CHARLES  R.  BREYER
UNITED STATES DISTRICT JUDGE